## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MACHELL PHIBBS and NICOLINA PHIBBS,**<br><br>　　　　　**Plaintiffs,**<br><br>**v.**<br><br>**AMERICAN PROPERTY MANAGEMENT, et al.,**<br><br>　　　　　**Defendants.** | **ORDER**<br><br>**Case No. 2:02-cv-00260-DB-PMW**<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee

Benson pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court are Machell Phibbs and Nicolina

Phibbs's (collectively, "Plaintiffs") motion to compel[1] and motion to produce privilege log.[2]  The

court has carefully reviewed the written submissions.  Pursuant to local rule 7-1(f), the court has

concluded that oral argument would not be helpful or necessary and will determine the motions

on the basis of the written submissions.  *See* DUCivR 7-1(f).

　　　　As an initial matter, the court notes that Plaintiffs are proceeding pro se in this matter.

Accordingly, the court construes their pleadings liberally.  *See Ledbetter v. City of Topeka*, 318

F.3d 1183, 1187 (10th Cir. 2003).

---

[1] Docket no. 103.

[2] Docket no. 109

In their motion to compel, Plaintiffs ask the court to compel American Property

Management, et al. (collectively, "Defendants") to produce the original attorney planning

meeting report with Plaintiffs' signatures on it.  Although it is not entirely clear from their

motion, Plaintiffs also appear to be asking the court to compel Defendants to produce documents

demonstrating the reasons why Defendants are claiming that certain documents are protected by

the attorney-client privilege, as well as when and how Defendants' counsel became aware of or

came into possession of those protected documents.

As to Plaintiffs' first request in their motion to compel, a review of the docket for this

case demonstrates that an attorney planning meeting report, which was signed by Plaintiffs, was

filed on November 21, 2005.[3]  It is unclear why Plaintiffs are asking the court to require

Defendants to produce that document, when it is readily available in the docket.  Accordingly,

the court is unwilling to grant this request.

Concerning Plaintiffs' second request in their motion to compel, not only have Plaintiffs

failed to make clear exactly what information they are seeking from Defendants, but they also

have failed to demonstrate that they are entitled to that information.  Further, their motion fails to

satisfy any of the requirements of local rule 37-1(b), which provides that a motion to compel

discovery "must be accompanied by a copy of the discovery request, the response to the request

to which objection is made, and a succinct statement, separately for each objection, summarizing

why the response received was inadequate."  DUCivR 37-1(b).  While the court does construe

---

[3] Docket no. 41.

Plantiffs' pleadings liberally because they are proceeding pro se, "[they] nevertheless must follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").  Accordingly, the court has determined that Plaintiffs' failure to comply with local rule 37-1(b) is fatal to the second request in their motion to compel.

Plaintiffs' motion to produce privilege log simply asks the court to require Defendants to produce a "Privilege Log."  This motion consists of two sentences, with citation to only rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure, which does not support Plaintiffs' motion.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies . . . .").  Further, this motion fails to comply with any of the requirements of local rule 37-1(b).  *See* DUCivR 37-1(b).  Consistent with the court's determination on Plaintiffs' second request in their motion to compel, the court has determined that Plaintiffs' failure to comply with local rule 37-1(b) is fatal to their motion to produce privilege log.  *See Dorrell*, 969 F.2d at 917; *see also Ogden*, 32 F.3d at 455.

For the foregoing reasons, Plaintiffs' motion to compel and motion to produce privilege log are both **DENIED**.

DATED this 2nd day of February, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge