IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MACHELL PHIBBS and NICOLINA PHIBBS,<br><br>                Plaintiffs,<br><br>vs.<br><br>AMERICAN PROPERTY MANAGEMENT et al.,<br><br>                Defendants. | ORDER GRANTING MOTION TO STRIKE AFFIDAVIT AND DENYING MOTION TO STRIKE PLAINTIFFS' DEPOSITIONS<br><br>Case No.  2:02CV260<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

      This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court are (1) American Property Management, Paul Tatum, Melissa Schimbeck, and Jamie Dalton's (collectively, "Defendants") motion to strike the affidavit of Nicolina Phibbs[1] ("Nicolina") and (2) Nicolina and Machell Phibbs's (collectively, "Plaintiffs") renewed motion to strike Plaintiffs' depositions.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

      [1] *See* docket no. 162.

      [2] *See* docket no. 164.

### I.  Defendants' Motion to Strike Affidavit

Defendants seek to strike Nicolina's affidavit attached to Plaintiffs' responses[3] to Defendants' motions for summary judgment.[4]  Specifically, Defendants contend that the affidavit does not meet the requirements of rule 56(e) of the Federal Rules of Civil Procedure, which provides that "[s]upporting or opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).

In her affidavit, Nicolina contends that others at her apartment complex either were or were not disabled and either did or did not have problems with parking.  Nicolina, however, fails to provide any factual support for her assertions.  In other words, she does not explain how she acquired this information.  Her affidavit consists of unsupported conclusory statements, statements based only on her belief, self-serving statements not corroborated by reference to any evidence in the record, and, perhaps, hearsay statements.  As such, her affidavit fails to meet the evidentiary requirements of rule 56(e).  *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("[T]he nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").  Accordingly, Defendants' motion is **GRANTED**, and Nicolina's affidavit is therefore stricken.

While the court strikes Nicolina's affidavit, it also, however, grants Plaintiffs leave to file supplemental affidavits meeting the evidentiary requirements of rule 56(e) of the Federal Rules of Civil Procedure.  Plaintiffs must file any supplemental affidavits within ten (10) days of the

---

[3] *See* docket nos. 156 & 157, respectively.

[4] *See* docket no. 151 & 153.

date of this order.

## II. Plaintiffs' Motion to Strike Plaintiffs' Depositions

Plaintiffs contend that their depositions should be stricken. While Plaintiffs make various arguments to support this contention, the court finds that Plaintiffs have failed to show good cause as to why their entire depositions should be stricken.

It appears that Plaintiffs are primarily concerned with the accuracy of the blueprints and the quality of the pictures and exhibits used at the deposition. While Plaintiffs are entitled to point out claimed inaccuracies in a blueprint or other deposition exhibits, these alleged inaccuracies do not entitle them to throw out the entirety of their own sworn testimony, especially to questions that are not about the blueprint or other exhibits.

Plaintiffs also assert that opposing counsel "badgered" Plaintiffs during deposition questioning. Plaintiffs, however, have failed to provide any evidence to support this assertion. In fact, the deposition pages attached as exhibits to both Plaintiffs' and Defendants' respective memoranda suggest that counsel for Defendants was exceedingly patient with and courteous to the then pro se Plaintiffs. Thus, Plaintiffs have not demonstrated a reasonable basis upon which to strike their entire depositions. Accordingly, Plaintiffs' motion is **DENIED**.

## III. Conclusion

Based on the foregoing, Defendants' motion to strike Nicolina's affidavit is **GRANTED**, and Plaintiffs' motion to strike their own depositions is **DENIED**. Plaintiffs may, however, file

supplemental affidavits within ten (10) days of the date of this order.

**IT IS SO ORDERED.**

DATED this 18th day of July, 2007.

> BY THE COURT:
>
> _____
> PAUL M. WARNER
> United States Magistrate Judge