IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MACHELL PHIBBS and NICOLINA PHIBBS,**<br><br>       **Plaintiffs,**<br><br>vs.<br><br>**AMERICAN PROPERTY MANAGEMENT et al.,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:02cv260**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court is American Property Management, Paul Tatum, Melissa Schimbeck, and Jamie Dalton's (collectively, "Defendants") motion to strike[1] the supplemental affidavit of Machell Phibbs[2] ("Machell") in support of Nicolina Phibbs ("Nicolina") and Machell's (collectively, "Plaintiffs") responses[3] to Defendants' motions for summary judgment.[4]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of

---

[1] *See* docket no. 172.

[2] *See* docket no. 171.

[3] *See* docket nos. 156 & 157.

[4] *See* docket nos. 151 & 153.

Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

The court previously granted Defendants' motion to strike Nicolina's affidavit on the grounds that it failed to meet the evidentiary requirements of rule 56(e) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("[T]he nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").  The court, however, allowed Plaintiffs ten days to file a supplemental affidavit.  Plaintiffs did in fact file a supplemental affidavit by Machell ("Machell's Affidavit").

Defendants have moved to strike Machell's Affidavit by asserting that it too fails to meet the requirements of rule 56(e) of the Federal Rules of Civil Procedure.  This rule provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e).  The first four paragraphs of Machell's Affidavit set forth Machell's personal observances of a dispute between John and Helen Mosler and Defendants regarding handicapped parking spaces.  The court concludes that these paragraphs meet the requirements of rule 56(e).  Accordingly, Defendants' motion to strike Machell's Affidavit with respect to the first four paragraphs is **DENIED**.

The remaining paragraphs of Machell's Affidavit consist of hearsay, conclusory statements lacking foundation, and self-serving statements not corroborated by reference to any evidence in the record.  As such, paragraphs five through ten fail to meet the evidentiary

requirements of rule 56(e) and are therefore stricken.  *See, e.g.*, *Hall*, 935 F.2d at 1111.

Accordingly, Defendants' motion is **GRANTED** with respect to paragraphs five through ten.

In summary, Defendants' motion[5] is **GRANTED IN PART AND DENIED IN PART**.

Paragraphs five through ten of Machell's Affidavit are hereby stricken.

**IT IS SO ORDERED.**

DATED this 14th day of February, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 172.