IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MACHELL PHIBBS and NICOLINA PHIBBS,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN PROPERTY MANAGEMENT et al.,<br><br>Defendants. | MEMORANDUM OPINION AND ORDER<br><br><br><br>Case No. 2:02CV00260 DB |

Before the Court are Defendants' following three motions:

> (1) motion *in limine* to exclude all claims not set forth in Plaintiffs' trial brief;
> (2) motion for summary judgment on all Americans With Disabilities Act ("ADA") claims; and
> (3) motion for summary judgment on all Fair Housing Act ("FHA") claims.

After carefully considering the parties' arguments and the relevant law, the Court now issues the following memorandum opinion and order.

## II.  BACKGROUND

The claims in this case arise from a dispute over assigned parking at an apartment complex.  The Defendants include the corporation which owns the apartment complex and the manager and assistant managers of the complex.  Plaintiffs, Machell Phibbs, an allegedly

disabled person, and her daughter, Nicolina Phibbs, assert that they experienced problems accessing their assigned parking space because other tenants or their visitors would park in it. Plaintiffs allegedly complained to the apartment complex's management to correct the parking problem, but their concerns were not addressed to their satisfaction. It is unclear what damages Plaintiffs sustained from Defendants. Plaintiffs also assert that neighbors, not parties to this action, further mistreated them by using foul language, blocking their apartment entrance, and physically assaulting them.

Originally, in 2002, Plaintiffs filed a *pro se* civil rights complaint. The district court construed the complaint as alleging causes of action under 42 U.S.C. § 1983 and § 1985(3). The complaint was dismissed for failure to state a claim upon which relief could be granted. On appeal in 2003 the Tenth Circuit "conclude[d] that the district court properly dismissed Appellants' § 1983 and 1985 claims." (USCA Mandate, Dkt. No. 18.) Plaintiffs, however, on appeal asserted for the first time that their complaint contained additional claims under the ADA and FHA not addressed by the district court. The Court of Appeals construed Plaintiffs' complaint liberally and reversed and remanded for the district court to analyze claims under the ADA and FHA. Upon remand, the case was reassigned to this Court.

## II. STANDARD OF REVIEW

A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed.R.Civ.P. 56(c). In determining the appropriateness of summary judgment, a court must "view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the non-moving party." *Combs v. PriceWaterhouse Coopers*, *LLP*, 382 F.3d 1196, 1199 (10th Cir. 2004). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to overcome a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV.  DISCUSSION

During the past five years, the Court has gone to great lengths to afford Plaintiffs the opportunity to state their claims with sufficient clarity so that opposing counsel and the Court can understand them, and to articulate sufficient facts to support their claims under the ADA and FHA.  After the case was remanded, Plaintiffs made a motion to amend their complaint "for the purpose to specifically and with particularity set in and define their FHA and ADA claims," which the Court granted in March 2004. (Mot. to Amend Compl., Dkt. No. 20.) Unfortunately, the amended complaint was virtually incomprehensible, and the case was woefully inadequate to present to a jury.  The Court has tried in vain to find a factual basis in the amended complaint or elsewhere to support the ADA and FHA claims.

At all times Plaintiffs represented themselves.  At the November 2006 final pretrial conference the proposed pretrial order was so unclear and disjointed that the Court appointed

an attorney for the Plaintiffs for the limited purpose of helping clearly articulate their legal claims and disputed issues of fact.  As an extension of the final pretrial conference, Plaintiffs were ordered to submit a trial brief "to detail how they claim the American Property Management defendants violated the Fair Housing Act and the Americans With Disabilities Act, the facts in support, the witnesses and documents supporting these claims, and what they are claiming in damages as a result."  (Order, March 9, 2007, Dkt. No. 145, p. 3.)

The trial brief was not much of an improvement on Plaintiffs' previous submissions, nearly uncomprehensible as a legal document in most respects.  Given the history of this case, the lack of clarity in the trial brief could alone justify a dismissal of Plaintiffs' case.  The trial brief mostly consists of a regurgitation of Plaintiffs' amended complaint, together with rambling allegations of fact that leave the Court still mainly at a loss to see upon which law and facts Plaintiffs rest their case.  Still, construing the brief's "claims" liberally, the Court recognizes that four claims were articulated in the trial brief - two claims under the ADA and two claims under the FHA.  The two ADA claims are discrimination by public accommodations (42 U.S.C. § 12182) and retaliation (42 U.S.C. § 12203).  The two FHA claims are discrimination in the sale or rental of housing (42 U.S.C. § 3604) and interference/intimidation (42 U.S.C. § 3617).  The remaining alleged "claims" either do not specify a cause of action or are duplicative of the four ADA and FHA claims mentioned above.  Under these circumstances, Defendants' motion *in limine* is granted and all claims other than the four ADA and FHA claims mentioned above are excluded from this case.  *See Youren v. Tintic School Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (omitting a claim from a pretrial report results in excluding the claim in the case before the district court).  The four

claims are addressed below.

## A. 42 U.S.C. § 12182 of the ADA - Public Accommodation

The Plaintiffs do not present a meritorious claim under 42 U.S.C. § 12182, which applies to places of "public accommodation." Public accommodation, as contemplated in this case, is defined in the act as:

> A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

42 U.S.C. § 12181(7)(A). Facially, the statute does not include a private residence, such as a residential home or apartment. The Court construes the language "other place of lodging" consistently with the prior terms "inn, hotel, motel." Inns, hotels, and motels are most often occupied temporarily by short-term lodging customers and are not synonymous or even similar to apartments which are occupied by long-term permanent residents. Moreover, the legislative history of the ADA indicates that the FHA, rather than that ADA, governs residential facilities. House Report Number 101-485(II) states that "[o]nly nonresidential facilities are covered by [the ADA]. For example, a large hotel that has a residential apartment wing, the residential wing would be covered under the Fair Housing Act (42 U.S.C. secs. 3601 et seq., as amended), rather than by [the ADA]. The nonresidential accommodations in the rest of the hotel would be covered by [the ADA]." 101st Cong., 2d Sess. quoted in 1990 U.S.C.C.A.N. 303, 383. *See also Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993) (stating that residential apartments and condominiums do not constitute public

accommodations within the meaning of the ADA); *Regents of the Mercerburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, fn. 8 (3rd Cir. 2006). Therefore, a residential apartment complex and its assigned parking is not a place of public accommodation as contemplated by the act. Accordingly, because the apartments at issue in this case are not public accommodations Defendants are not subject to 42 U.S.C. § 12182.

### B. 42 U.S.C. § 12203 - Retaliation under ADA

Plaintiffs raise a retaliation claim under 42 U.S.C. § 12203. Section 12203 prohibits discrimination against those who oppose practices made unlawful under the ADA or retaliation against those who exercise ADA rights or encourage others to do so. To establish a *prima facie* case of retaliation Plaintiffs must show that: (1) they engaged in an activity protected by the ADA; (2) they were subject to an adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1074 (8th Cir. 2006). Plaintiffs cannot show that they were engaged in any statutorily protected activity. Because the actions complained of do not involve places of public accommodation, Plaintiffs cannot as a matter of law be subject to retaliation under the ADA.

### C. FHA Claims

While Plaintiffs' claims under the FHA, 42 U.S.C. § 3604 (request for reasonable accommodation) and 42 U.S.C. § 3617 (retaliation), assert general complaints, they fail to establish a factual basis sufficient to overcome a motion for summary judgment. After expending considerable time and effort, the best the Court can determine from the pleadings is that Plaintiffs have a general complaint of not being able to access their parking space and that

they were involved in a series of incidents and altercations with other tenants who are not parties to this action.  Defendants claim Plaintiffs fail to assert any record evidence to support their claims.  For instance, Plaintiffs have not identified the specific handicap on which they base their claims.  They have not identified the specific policy of Defendants that allegedly denied them equal enjoyment.  They have not identified the specific accommodation they allegedly requested, let alone that such an accommodation was reasonable and directly related to the claimed handicap.  They have not set forth that such an accommodation was necessary or that there was any refusal of Defendants to grant the request.  After a several year effort to ascertain specific facts, the Court's review of the record reveals nothing to suggest Plaintiffs have a factual foundation for their claims, but rather mere general averments.  For that reason and the reasons set forth in Defendants' briefs, summary judgment is appropriate.

### D. Damages

At the pretrial conference the Court ordered Plaintiffs to state in their trial brief "what they were claiming in damages" under the ADA and FHA.  (Order, March 9, 2007, Dkt. No. 145, p. 3.)  Plaintiffs argue that damages were clearly set forth in their trial brief by their string citations to the amended complaint.  However, Plaintiffs fail to provide the scope of their claimed damages and what evidence supports their claimed damages in their briefing and argument.  Without more there is no basis on which the jury could reasonably find for Plaintiffs.

### V. ORDER

Based on the foregoing the Court finds Plaintiffs have failed to present evidence from which a jury could reasonably find for the Plaintiffs.  Accordingly, Defendants' motion *in limine*

to exclude all claims not set forth in the Trial Brief (Dkt. No. 149) is GRANTED.  Defendants' motion for summary judgment under the ADA (Dkt. No. 151) is GRANTED.  Defendants' motion for summary judgment under the FHA (Dkt. No. 153) is GRANTED.  This case is DISMISSED with PREJUDICE.

    IT IS SO ORDERED.

    DATE this 19th day of March 2008.

                                            Dee Benson
                                            United States District Judge